UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEAN A. DAWMAN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-371-TLS |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Jean A. Dawman seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The Plaintiff argues that the Administrative Law Judge (ALJ) made several errors in formulating her residual functional capacity (RFC), including the findings at step two, the analysis of the listings, and the analysis of the subjective symptoms and third-party function report. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On February 15, 2016, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning May 27, 2015. AR 15, 184, ECF No. 5. The claim was denied initially and on reconsideration. *Id*. at 15, 86, 97. The Plaintiff requested a hearing, which was held before the ALJ on November 21, 2017. *Id*. at 15, 34, 174. On April 16, 2018, the ALJ issued a written decision and found the Plaintiff not disabled. *Id.* at 12–27. The Appeals Council denied review on March 6, 2019. *Id.* at 1–3. On May 10, 2019, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final

decision. The Plaintiff filed an Opening Brief [ECF No. 13], the Commissioner filed a Response [ECF No. 18], and the Plaintiff filed a Reply [ECF No.19].

## THE ALJ'S DECISION

For purposes of disability insurance benefits, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 404.1505(a).

An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since May 27, 2015, the alleged onset date. AR 17.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff had the severe impairments of degenerative disc disease, status post bilateral rotator cuff surgery, degenerative joint disease of the left knee, and obesity. AR 17.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination

with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 1.02 and 1.04. AR 21.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except no ladders/ropes/scaffolds, no slippery uneven surfaces, occasional ramps and stairs, occasional stoop, crouch, balance, crawl, and kneel, no unprotected heights or dangerous machinery.

AR 22.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 25.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" in the national economy given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of accounts payable. AR 26. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86

(7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–3. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore*, 743 F.3d at 1121 ("A decision that lacks adequate discussion of the issues will be

remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the ALJ erred by failing to find her anxiety and depression severe; by failing to consider her nonsevere impairments in combination; by failing to properly consider the listing requirements at step three; by failing to consider her mental impairments in the RFC; by failing to properly consider her subjective symptoms; and by failing to properly consider the VE testimony. The Court finds that remand is required for a proper evaluation of the Plaintiff's subjective symptoms and a proper consideration of her husband's third-party function report.

The Residual Functional Capacity ("RFC") is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is a legal decision rather than a medical one. *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995); *see also Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8P,

1996 WL 374184, at *1 (July 2, 1996). "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id*. at *3.

The relevant evidence includes medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*.

The Plaintiff argues that the ALJ erred in considering her subjective symptoms and in considering the Third-Party Function Report completed by her husband, which supported her subjective symptom complaints. The ALJ stated the following regarding the Third-Party Function report:

> Mr. Dawman, the claimant's husband, is not a well-qualified medical provider to comment on the claimant's functioning. Mr. Dawman's "opinions" are generally inconsistent with the medical and nonmedical evidence of record, when viewed as a whole, for the same reasons the claimant's allegations and testimony were not found to be entirely consistent with the medical and nonmedical evidence of record. Therefore, only little weight can be given to this "opinion[.]"

AR 25. The ALJ must consider any statements made by third-party sources "in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence on file." SSR 16-3P, 2017 WL 5180304, at *7. The ALJ provided a discussion of Mr. Dawman's Third-Party Function report but failed to explain the inconsistencies found between the report and the record. *See Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013) ("The administrative law judge should have made clear whether he believed

6

the fiancée's testimony or not, or which part he believed, or whether he had no idea how much of what she said was worthy of belief."). The ALJ failed to fully analyze Mr. Dawman's statements and make clear which portions of the record confirmed or contradicted Mr. Dawman's statements.

As an initial matter, the ALJ may not dismiss a family member's statements simply because he is not a "well-qualified medical provider," as the regulations permit testimony from family members without requiring them to have medical training. *See* 20 C.F.R. § 404.1529(c)(3). However, this is not the only error in the ALJ's analysis. More troublesome is the ALJ's failure to provide any analysis or discussion of the statements in Mr. Dawman's Third-Party Function Report and how they were either consistent or inconsistent with the record. The ALJ merely states that Mr. Dawman's statements about the Plaintiff's symptoms are inconsistent for the same reason that the Plaintiff's statements about her symptoms are inconsistent with the record. This statement does not provide the requisite logical bridge between the evidence and the conclusion. *Beardsley*, 758 F.3d at 837. The Court cannot provide meaningful review where the ALJ has failed to provide any analysis or discussion.

This failure highlights another error in the ALJ's decision. The ALJ states that Mr. Dawman's statements are inconsistent for the same reason the Plaintiff's statements are inconsistent. However, the ALJ fails to explain how the Plaintiff's statements are inconsistent with the record. The ALJ has pointed to an analysis that does not exist to support his finding that Mr. Dawman's statements are inconsistent with the medical record.

The ALJ only discusses the Plaintiff's subjective symptoms with regard to her mental impairments at step two. There is no further discussion of the Plaintiff's subjective symptoms with regard to her physical impairments. The ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See*

20 C.F.R. § 404.1529(a); SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). Subjective allegations of disabling symptoms alone cannot support a finding of disability. SSR 16-3P, 2017 WL 5180304, at *2. The ALJ must weigh the claimant's subjective complaints, the relevant medical evidence, and any other evidence of the following factors:

    (1) The individual's daily activities;

    (2) Location, duration, frequency, and intensity of pain or other symptoms;

    (3) Precipitating and aggravating factors;

    (4) Type, dosage, effectiveness, and side effects of any medication;

    (5) Treatment, other than medication, for relief of pain or other symptoms;

    (6) Other measures taken to relieve pain or other symptoms;

    (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3). "The [subjective symptoms] finding must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft*, 539 F.3d at 678. The ALJ does not need to specifically address each factor, but "must give specific reasons for the weight given to the individual's statements." *Evans v. Astrue*, No. 3:10–CV–0432, 2012 WL 951489, at *11 (N.D. Ind. Mar. 20, 2012) (citing SSR 96-7P, 1996 WL 374186 (July 2, 1996)).

    The ALJ provided a detailed list of the Plaintiff's subjective symptoms, both as stated by the Plaintiff and as reported by her husband. AR 22–23. The ALJ then provided a detailed list of the Plaintiff's medical history. *Id.* at 24–25. The only "analysis" linking the Plaintiff's subjective symptoms to the objective medical evidence is a short paragraph, where the ALJ stated that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and

other evidence in the record for the reasons explained in this decision." *Id.* at 23. However, the reasons are not explained anywhere in the decision. "[T]he ALJ's conclusion that [the claimant's] statements were not fully credible for 'the reasons explained in this decision' is not an analysis." *Dukleska v. Colvin*, No. 2:14-CV-430, 2016 WL 814845, at *7 (N.D. Ind. Mar. 1, 2016). Therefore, the ALJ has erred by failing to provide any explanation as to which of the Plaintiff's subjective symptoms were not supported by the record. There is no analysis of the Plaintiff's physical symptoms.

Moreover, the ALJ's language suggests that at least some of the Plaintiff's statements concerning her subjective symptoms accurately depicted her limitations, but the ALJ does not explain specifically which of those symptoms are relied on in forming the RFC. Instead, by falling back on the boilerplate language "for the reasons explained in this decision," the ALJ left it to the reader, and this Court, to determine which symptoms he relied on and which symptoms he dismissed. "This is not the role of the Court in a substantial evidence determination." *Id.* (citing *Lopez*, 336 F.3d at 539). "The Seventh Circuit has criticized [ALJs] summarily using this exact language, as it is unclear which statements are not credible and what 'not entirely' means." *Id.* (*citing Spiva v. Astrue*, 628 F.3d 346, 348 (7th Cir. 2010)).

Here, the ALJ has failed to "articulate at some minimal level [his] analysis of the evidence" and the Court is unable to conduct an informed review. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). "On remand, the ALJ will have an opportunity to assess the Plaintiff's subjective symptoms under SSR 16-3p." *Pulliam v. Berryhill*, No. 2:15-CV-329, 2017 WL 1055798, at *9 (N.D. Ind. Mar. 21, 2017). The ALJ should specifically state which of the Plaintiff's symptoms he does not find credible and explain the bases on which these determinations rely. *See Dukleska*, 2016 WL 814845, at *7.

The Court finds that the ALJ failed to properly analyze the Plaintiff's subjective symptoms and erred in analyzing her husband's Third-Party Function Report. Because the Court is remanding on these issues, it need not address the remainder of the Plaintiff's arguments supporting reversing and remanding for further proceedings.

Finally, to the extent the Plaintiff requests an immediate award of benefits, such request is denied. "An award of benefits is appropriate . . . only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)). Based on the discussion above, an immediate award of benefits is not appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 13] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion. The Court DENIES the Plaintiff's request to award benefits.

SO ORDERED on September 10, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT